IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER N. FOURNIER,

           Plaintiff,

v.

3DN CHARITIES,

           Defendant.

Case No. 25-CV-2433-TC-TJJ

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, filed a complaint alleging housing discrimination and violations of her civil rights by Defendant's wrongful eviction and termination of her lease based upon an unspecified disability. This matter is currently before the Court on Plaintiff's Amended Motion for Appointment of Counsel (ECF No. 11). This is Plaintiff's second Motion for Appointment of Counsel.

The Court again reminds Plaintiff, that unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. The Court has granted Plaintiff's motion to proceed without prepayment of fees (*in forma pauperis*) in this case but has withheld service of summons and the complaint upon Defendant pending further order after screening of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[6]

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[6] *See* Order (ECF No. 6).

The Court found pre-service screening appropriate as it appears deficiencies in Plaintiff's Complaint raises significant substantive concerns, including failure to specify any particular disability Plaintiff suffers from, that suggest dismissal of this case for failure to state claim may be appropriate.  Further, the Court has granted Plaintiff an extension of time to amend her Complaint and agreed to delay its pre-service review pending the filing of an amended complaint.

A review of Plaintiff's filings to date shows that she appears capable of adequately representing herself at this early stage of the proceedings. The factual and legal issues do not appear overly complex. Plaintiff has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the Court herself in this case, particularly given the liberal standards governing *pro se* litigants. Plaintiff states that she has experienced "exacerbation of [her] disability" which has resulted in sleeplessness, anxiety attacks and major depression, all of which have made representing herself in this matter difficult.[7]  Despite this representation, however, the Court's experience with Plaintiff thus far suggests that she, at this very early stage in the proceedings, is able to present her case without the aid of counsel.  Plaintiff's pleadings are sufficiently cogent to present her positions.

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[8] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of

---

[7] Pl's Am. Mot. for Appointment of Counsel, ECF No. 11-1.

[8] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

the motion at a later stage of the proceedings, if warranted, such as after the Court conducts its review of Plaintiff's forthcoming Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 11) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated September 30, 2025, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge