IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER N. FOURNIER,

          Plaintiff,

v.

THREE DOG NIGHT CHARITIES, INC., d/b/a
EDEN VILLAGE OF KANSAS CITY, et al.,

          Defendants.

Case No. 25-cv-2433-TC-JBW

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 39) ("Renewed Motion"). This is Plaintiff's third motion requesting the appointment of counsel. At the May 12, 2026 scheduling conference, the Court asked Plaintiff to explain what has changed since she filed her prior motions for appointment of counsel, both of which were denied "without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted."[1] After reviewing the Renewed Motion and hearing from Plaintiff at the scheduling conference, the Court denies Plaintiff's Renewed Motion.

As the Court has previously explained, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[2] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[3] In

---

[1] *See* Orders (Dkts. 7 and 14).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20,

determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[5]

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[6] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court concludes the factors set forth above still do not warrant appointing counsel. Nothing has changed that would justify appointing counsel upon the Renewed Motion. Plaintiff is an attorney and has shown that, despite the limitations of her disabilities, she is capable of adequately representing herself during these proceedings, likely far better than the typical pro se plaintiff. She has been able to file a Second Amended Complaint that has passed screening under

---

2010).

[4] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[6] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

28 U.S.C. § 1915(e)(2)(B) and shown herself to be knowledgeable with the legal process and her claims. After hearing from Plaintiff at the scheduling conference, the Court concludes that she is able to communicate her arguments and respond to questions asked. Plaintiff has not demonstrated any reason why she would be unable to continue representing herself in this case, particularly given the liberal standards governing *pro se* litigants. Nor has Plaintiff alleged any special circumstances that would lead the Court to conclude that she is not capable of proceeding on her own behalf or to set her case apart from other individuals proceeding *pro se* in federal court.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 39) is denied without prejudice.

IT IS SO ORDERED.

Dated May 12, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

3